Peter A. Qumrr, J.
Petitioner, a retired member of the Police Department of the City of New York, seeks by this article 78 proceeding to review the action of the Board of Trustees of the Police Pension Fund in retiring him on ordinary disability and rejecting his application for retirement on a service-connected disability pension.
It is undisputed that on June 24, 1954 about a year after appointment as a patrolman in the Police Department of the City of New York, he suffered certain injuries, in the course of his duties, including a cerebral concussion resulting from a blow on the head by a blunt instrument. The Police Department, under certification of a district police surgeon, recognized that petitioner’s injuries resulted in disability which prevented bim from attending his usual duties and entitled him to full pay, during causally related periods of absence on some 18 occasions from the time of his original injury until August 12, 1959. Consequent upon his injury, petitioner was assigned to light duty in which he continued until the time of his retirement.
On August 16, 1954 petitioner had been examined by an honorary neurosurgeon for the Police Department on a complaint of “ headaches in the left frontal region,” who was of *399 the opinion at that time that petitioner’s headaches were “ not those consequent to the concussion” and that he was capable of doing light duty.
However, for more than five years after the original injury, the district police surgeons’ 17 recurring diagnoses of service-connected postconcussion headaches remained consistent. Not until late 1959 or early 1960 did the district police surgeon’s diagnosis change to one of recurring headaches not consistent with the posttraumatic headaches following a cerebral concussion.
In January of 1960 petitioner’s weapons were removed because of findings of ‘ ‘ emotional instability and maladjustment characterized by aggressive anxiety associated with headaches.” Thereafter he was examined on a number of occasions by honorary psychiatrists for the Police Department who made various findings of anxiety neurosis, constitutional inadequacy, emotional difficulties, etc., unrelated to his head injury of 1954.
On December 5,1961 the Medical Board of the Police Pension Fund certified to the Board of Trustees that upon examination, petitioner was found to be unfit to perform police duty by reason of chronic constitutional inadequacy. On December 29, 1961 petitioner in his own behalf filed an application with the Medical Board for accidental disability retirement pension. On February 13, 1962 the Medical Board reported that on examination petitioner was found to be “inconsistent” — “illogical” — “ under study by the Veteran’s Administration for a psychiatric condition” and “ talking of a law suit ”. The Medical Board concluding its report said ‘ ‘ in fairness to this Police Officer, since he has been studied by the Veteran’s Administration, and since we are informed that a report pertaining to his psychiatric status will be forwarded to us, it is the opinion of this Board that we should defer final action on his application until such report is on hand.” On March 27, 1962 the Medical Board reported he had been requested to report for re-examination on two separate occasions and to furnish the records of the Veterans’ Administration relating to the psychiatric study being made of his case but had failed in each instance to do as requested. The Medical Board then noted that “ in view of the failure to supply the information and his apparent reluctance to appear before this Board, it is our feeling that we can, and should, act upon this case at this time.” The board then, relying on its findings of December 5, 1961, rendered an opinion that petitioner’s request for accidental disability retirement pension should be denied. By an order of the Police Department, *400 effective May 27, 1962, petitioner on the basis of a finding that he was “ disabled mentally ” was retired for ordinary disability 'and granted a pension in accordance with the applicable provisions of the Administrative Code.
While it cannot be said that respondents have acted arbitrarily or unreasonably in rejecting petitioner’s application for retirement on a pension based on service-connected disability, nevertheless, it would appear that respondents’ determination is, to some extent at least, influenced if not based on petitioner’s default in failing to appear on two occasions for scheduled examination before the Medical Board and in failing to provide that board with records of the Veterans’ Administration. It is also noteworthy that petitioner made no attempt to avail himself of the right of review by a Special Medical Board consisting of one medical doctor of the Police Department Medical Board, one medical doctor of the petitioner’s choice and if necessary to reach a decision, one impartial medical expert chosen by the other two medical doctors. The record of the Medical Board, as already noted, is replete with references to petitioner’s disturbed mental state during the period his application for a disability pension was being held in abeyance. In addition there is now presented to the court in this proceeding a report, dated January 17, 1963, by a neuropsychiatrist of petitioner’s selection, who gives it as his opinion that “ after a thorough review of all the records and his neuropsychiatric status as observed on September 17, 1962, that the Cerebral Concussion which he sustained and which was followed by a Post Concussion Syndrome which caused considerable disability for a period of more than 4 years, must be considered as contributing or possibly aggravating factor to the ‘ Constitutional Inadequacy ’ for which he was discharged from the Police Department.”
There is sufficient here to warrant an inference that the mental disability which rendered petitioner unfit to serve as a police officer and resulted in his forced retirement largely accounts for his default and neglect to conform to the requirements of the Medical Board and pursue his right of review. In these circumstances, recognizing that petitioner now has attorneys responsible for the full protection of his rights, who can no doubt arrange to have him co-operate fully in a proper presentation, and if necessary review, of his case and consistent with the duty of the court to act always for the proper protection of the rights and interests of persons whose competency is in question, the determination of respondents is annulled and the *401 petitioner’s application for a service-connected disability pension is reinstated and remitted to respondents for a new examination and hearing in accordance with the provisions of section B18-4.0 of the Administrative Code of the City of New York.